UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**FORT LAUDERDALE DIVISION**

CASE NO: 15-CV-60764-LENARD/GOODMAN

SONEET KAPILA, as the Chapter 7
Trustee of the Geoffrey Edelsten
Bankruptcy Estate,

        Plaintiff,

v.

MATTHEW MILITZOK, an individual, and
MILITZOK & LEVY, P.A., a Florida
professional association,

        Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS
COUNTS II, IV, AND V OF PLAINTIFF'S COMPLAINT OR
ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT AND
INCORPORATED MEMORANDUM OF LAW**

Defendants, MATTHEW MILITZOK and MILITZOK & LEVY, P.A., (collectively "MILITZOK"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), Federal Rule of Civil Procedure 12(e), and all other applicable rules of procedure, respectfully request this Honorable Court to dismiss Counts II, IV, and V of the Complaint filed by Plaintiff, SONEET KAPILA, as the Chapter 7 Trustee of the Geoffrey Edelsten Bankruptcy Estate, for failure to state claim upon which relief can be granted, or alternatively request a more definite statement, and in support thereof state as follows:

1. Plaintiff's Complaint [D.E. 1] asserts five (5) causes of action against MILITZOK:

    a. Professional Negligence;

    b. Breach of Contract;

   c. Breach of Fiduciary Duty;

   d. Constructive Fraud; and

   e. Violation of Florida's Deceptive and Unfair Trade Practices Act, §501.204, Fla. Stat. ("FDUTPA").

 2. All five (5) causes of action asserted by Plaintiff are predicated upon the exact same alleged errors or omissions of MILITZOK.  (Compare paragraphs 23, 27, 32, 37, and 44 of Plaintiff's Complaint, which are identical and assert that the exact same acts constitute five (5) different causes of action.)  In actuality, the facts giving rise to all five (5) causes of action asserted by Plaintiff constitute only a claim for professional malpractice, but Plaintiff attempts to utilize different nomenclature for the same events.

 3. Counts II (Breach of Contract), IV (Constructive Fraud), and V (Violation of FDUTPA) fail to state claims upon which relief may be granted.

 4. Count II, asserting Breach of Contract, fails to identify any contract between the parties, but only identifies an "understanding," and is insufficient to allege a breach of contract.

 5. Count IV, alleging Constructive Fraud, fails to allege that MILITZOK induced reliance on the part of Plaintiff (or the debtor) or that MILITZOK gained an unfair advantage over Plaintiff (or the debtor).  In addition, the Constructive Fraud count is simply duplicative of the count alleging Breach of Fiduciary Duty.

 6. Count V, alleging a Violation of FDUTPA, fails to identify any unfair act engaged in the course of business that is recognized as a violation of FDUTPA or its federal counterpart.

 7. As a result, Counts II, IV, and V of the Complaint must be dismissed or Plaintiff must provide a more definite statement.

Memorandum of Law

A.   STANDARD FOR A MOTION TO DISMISS

To survive a motion to dismiss based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 958 (11th Cir. 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007)).  While a complaint need not provide detailed factual allegations, a plaintiff is obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Systems, Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.  Most importantly, the facts supporting the claim must be "consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 562.

B.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT

Count II of the Complaint alleges Breach of Contract.  Paragraph 27 of the Complaint asserts as Breach of Contract the same nine (9) alleged errors or omission of MILITZOK that Plaintiff also claims are Professional Negligence, Breach of Fiduciary Duty, Constructive Fraud, and Violation of FDUTPA.

The elements for a breach of contract action under Florida law are (1) a valid contract, (2) a material breach, and (3) damages. Vozzcom, Inc. v. Beazley Ins. Co., Inc., 666 F. Supp. 2d 1321 (S.D. Fla. 2009).  Although the Complaint alleges the existence of an attorney-client

relationship, the Complaint does not allege the existence of any contract that gives rise to an attorney-client relationship. The Complaint merely references the existence of an "understanding" between MILITZOK and the debtor under whom Plaintiff claims a right of action. This is insufficient to state the existence of a contract or the breach of such a contract.

Plaintiff's Breach of Contract claim is insufficient to state a claim upon which relief may be granted and should be dismissed. At the very least, Plaintiff must provide a more definite statement, describing with some degree of certainty the nature and existence of a contract that Plaintiff alleges MILITZOK to have breached.

    C.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CONSTRUCTIVE FRAUD

Count IV of the Complaint alleges Constructive Fraud. At paragraph 37 of the Complaint, Plaintiff alleges the same nine (9) errors or omissions that Plaintiff claims also constitute Professional Negligence, Breach of Contract, Breach of Fiduciary Duty, and Violation of FDUTPA.

Notably, Plaintiff does not allege that MILITZOK's actions induced reliance on the part of Plaintiff (or the debtor) or that MILITZOK gained an unfair advantage over Plaintiff (or the debtor). Furthermore, as the claim for Constructive Fraud appears to be based upon an alleged misrepresentation stemming from a fiduciary relationship, the Constructive Fraud count is merely duplicative of the count alleging Breach of Fiduciary Duty.

Constructive Fraud is a term that is applied to a great variety of transactions that equity regards as wrongful, to which it attributes the same or similar effects as those that follow from actual fraud and for which it gives the same or similar relief as that granted in cases of real fraud. American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc., 390 F. Supp. 2d 1170 (M.D. Fla. 2005) (applying Florida law); Douglas v. Ogle, 80 Fla. 42, 85 So. 243 (1920).

Thus, constructive fraud is deemed to exist where a duty under a confidential or fiduciary relationship has been abused or where an unconscionable advantage has been taken. <u>Linville v. Ginn Real Estate Co., LLC</u>, 697 F. Supp. 2d 1302 (M.D. Fla. 2010) (applying Florida law); <u>Larson v. Correct Craft, Inc.</u>, 537 F. Supp. 2d 1264 (M.D. Fla. 2008), vacated and remanded on other grounds, 569 F.3d 1319 (Fed. Cir. 2009) (applying Florida law); <u>Levy v. Levy</u>, 862 So. 2d 48 (Fla. 3d DCA 2003). Constructive fraud may be based on misrepresentation or concealment, or the fraud may consist of taking an improper advantage of the fiduciary relationship at the expense of the confiding party. *Levy*, 862 So. 2d 48. Constructive fraud will not lie where the parties are dealing at arm's length because there is no duty imposed on either party to protect or benefit the other. *American Honda*, 390 F. Supp. 2d 1170.

A constructive fraud will lie where one induces another to enter into a contract with him or her by the positive assertion of a fact or state of facts material to the transaction, which do not really exist, and the other relies thereon and is misled to his or her injury. <u>Robson Link & Co. v. Leedy Wheeler & Co.</u>, 154 Fla. 596, 18 So. 2d 523 (1944). In this case, Plaintiff has not alleged that MILITZOK induced anyone into a contract with him or that MILITZOK even induced anyone to take action that was detrimental to that person. Plaintiff has not alleged that MILITZOK gained an unfair advantage over Plaintiff (or the debtor) through misrepresentation. Plaintiff has simply failed to state sufficient facts that give rise to constructive fraud.

In addition, breach of fiduciary duty claims are the equivalent of constructive fraud claims when they are based on misrepresentation or concealment. <u>Amoco Oil Co. v. Gomez</u>, 125 F. Supp. 2d 492 (S.D. Fla. 2000) (applying Florida law). Thus, Count IV, alleging Constructive Fraud, for the exact same nine (9) alleged errors or omissions of MILITZOK is completely duplicative of Count III, alleging Breach of Fiduciary Duty. Such repetitive pleading is wholly unnecessary.

5

      D.      PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF FDUTPA

Plaintiff fails to state any claims against MILITZOK under FDUTPA. FDUTPA, also known as a "Little FTC Act" because it is Florida's version of the Federal Trade Commission Act, was enacted to protect consumers against "unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices . . . ." §501.22(2), Fla. Stat. Again, as with each of the prior causes of action, Count V, at paragraph 44 of the Complaint, alleges the same nine (9) errors or omissions of MILITZOK that Plaintiff also claims constitute Professional Negligence, Breach of Contract, Breach of Fiduciary Duty, and Constructive Fraud.

Plaintiff has not properly pled a cause of action against MILITZOK in Count V of the Complaint for violation of FDUTPA, which is a consumer protection law intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the course of any trade of commerce. Fla.Stat. § 501.201(2); See also <u>Shibata v. Lim</u>, 133 F.Supp.2d 1311, 1317 (M.D. Fla. 2000); <u>Career Fairs.com v. United Business Media, LLC</u>, 838 F.Supp.2d 1316, 1324 (S.D. Fla. 2011).

In order to establish a cause of action for damages under FDUTPA, Plaintiff must sufficiently allege the following elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. <u>Sundance Apartments I, Inc., v. General Electric Capital Corporation</u>, 581 F.Supp.2d 1215, 1220 (S.D. Fla. 2008); *Shibata*, 133 F.Supp.2d at 1317; <u>In re Horizon Organic Milk Plus DHA Omega-3 Marketing and Sales Practice Litigation</u>, 955 F.Supp.2d 1311 (S.D. Fla. 2013). It is clear on the face of the Complaint, that the Plaintiff has failed to make any allegations at all that MILITZOK committed a deceptive act, or that MILITZOK caused the Plaintiff any actual damages.

6

Although the phrase "unfair or deceptive acts" is not clearly defined, it may require conduct that offends established public policy, and is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Shibata*, 133 F.Supp.2d at 1317. In construing what constitutes deceptive act or unfair practice, the Florida Supreme Court has noted that "deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances to the consumer's detriment." *Sundance Apartments*, 581 F.Supp.2d at 1220 (quoting PNR, Inc. v. Beacon Property Management Inc., 842 So.2d 773, 777 (Fla. 2003)).

Most states have held unequivocally that such statutes do not reach attorneys. See, e.g., Beyers v. Richmond, 937 A.2d 1082, 1088-89 (Pa. 2007); Banks v. DCRA, 634 A.2d 433 (D.C. 1993) (noting that the District of Columbia Consumer Protection Procedures Act excludes claims arising from the "professional services of lawyers"). Although the Florida Supreme Court has not weighed in, one recent decision of this Court held that FDUTPA requires more than the claim of legal malpractice alleged here. Kelly v. Nelson, Mullins, Riley & Scarborough, L.L.P., No. 8:01CV1176T27MAP, 2004 WL 4054841, at *9, n.ll (M.D. Fla. Nov. 17, 2004).

In *Kelly*, the plaintiff and his attorney invested in a business together. *Id*. at 1. After this business failed, the plaintiff claimed that his attorney and his attorney's law firm committed legal malpractice and breached a fiduciary duty because they simultaneously represented both the plaintiff and the failed business. *Id*. The court granted summary judgment for the law firm on the FDUTPA count on the basis that the law firm's conduct did not "rise to the level of an unfair or deceptive trade practice as contemplated by §501.204(1)." *Id*. at 9. While the court did not unequivocally rule out the possibility that FDUTPA could ever apply to a claim for legal malpractice, it noted that FDUTPA should apply "only as to the entrepreneurial or commercial aspect of the profession of law, such as solicitation of business and billing practices." *Id*. at 9, n.

7

11 (citing <u>Haynes v. Yale-New Haven Hosp.</u>, 699 A. 2d 964, 973 (Conn. 1997)).

See also, <u>Kelly v. Palmer, Reifler & Assocs., P.A.</u>, 681 F. Supp. 2d 1356 (S.D. Fla. 2009). "We will not hold under these facts that soliciting or offering a release in exchange for money is the equivalent of soliciting or offering a "thing of value" under FDUTPA. There is simply no connection or nexus to trade or commerce between these parties through the firm's demand letters. And absent that important nexus, the entire FDUTPA statutory scheme simply does not apply to these particular circumstances, even if a reasonable juror could find that the firm's conduct amounted to deceptive conduct. A contrary result would, indeed, expose a great deal of pre-litigation tactics by attorneys to potential exposure under the statute, which is a result not contemplated by the statute. Thus, even though a lawyer's status per se is not a bar to relief (because certainly some lawyers may engage in trade or commercial transactions while acting as lawyers), the particular conduct at issue here does not fall within the statute's umbrella." *Id*. at 1376.

The Complaint does not contain any allegation that MILITZOK deceptively solicited or billed the Plaintiff. Nor does the Complaint allege deception in trade or commerce. The negligent performance of legal services does not rise to the level of a FDUTPA violation. Plaintiff simply does not allege acts that arise in trade or commerce, but implicate only personal services provided by an attorney to a client. FDUTPA does not regulate personal services.

Indeed, in the context of attorneys representing their clients in litigation matters, the prosecution of a lawsuit does not constitute a "trade or commerce" within the meaning of Florida Statute § 501.204. See Fla. Stat. § 501.203(8) and <u>State. Office of Atty Gen. v. Shapiro & Fishman, LLP,</u> 59 So. 3d 353 (Fla. 4th DCA 1011). In *Shapiro & Fishman, LLP.*, the Fourth District Court of Appeal held that a law firm's actions in prosecuting mortgage foreclosure on behalf of lenders, including its alleged presentation of false or misleading documents for use in

such actions, did not constitute a "trade or commerce" and thus did not fall within the rubric of FDUTPA. *Id.* The Court explained that conduct concerning the initial applications for mortgages or the initial lending relationships would have been "... more akin to the traditional notions of 'trade or commerce' as defined by the FDUTPA statute [....]" than simply the prosecution of the foreclosure action. *Id*. at 356.

It is clear that the above allegations fail to state a cause of action against MILITZOK for violation of FDUTPA and, as such, the same must be dismissed.

E.   CONCLUSION

Count II of the Complaint fails to state a claim upon which relief may be granted, because it fails to identify any contract at issue or the specific breach thereof. Count II must be dismissed or Plaintiff must be required to provide a more definite statement.

Count IV of the Complaint fails to state a claim upon which relief may be granted, because it fails to allege that MILITZOK induced reliance on the part of Plaintiff (or the debtor) or that MILITZOK gained an unfair advantage over Plaintiff (or the debtor). Count IV is also nothing more than a repeat of Count III, which alleges Breach of Fiduciary Duty. Count IV must be dismissed.

Count V of the Complaint fails to state a claim upon which relief may be granted, because the negligent provision of legal services does not constitute trade or commerce under FDUTPA. Count V of the Complaint must be dismissed.

**WHEREFORE,** Defendants, MATTHEW MILITZOK and MILITZOK & LEVY, P.A., respectfully request that this Honorable Court dismiss Counts II, IV, and V of Plaintiff's Complaint, or alternative require a more definite statement, and for such other and further relief as this Court deems just and appropriate.

Dated: June 16, 2015
       Boca Raton, FL

                              Respectfully submitted,

                              **SHENDELL & POLLOCK, P.L.**
                              A*ttorneys for Defendants*
                              Fountain Square
                              2700 North Military Trail
                              Boca Raton, Florida 33431
                              Phone: (561) 241-2323
                              Fax:    (561) 241-2330
                              Email: gary@shendellpollock.com
                                          ken@shendellpollock.com

                              By:   /s/ Kenneth S. Pollock
                                    Gary R. Shendell, Esq.
                                    Florida Bar No.: 964440
                                    Kenneth S. Pollock, Esq.
                                    Florida Bar No.: 069558

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, this 16th day of June, 2015. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Kenneth S. Pollock
Kenneth S. Pollock

## SERVICE LIST

| | |
|---|---|
| Robert A. Stok, Esq.<br>Joshua R. Kon, Esq.<br>Attorneys for Plaintiff<br>Stok Folk & Kon<br>18851 NE 29 Avenue; Ste. 1005<br>Aventura, FL 33180<br>rstok@stoklaw.com<br>jkon@stoklaw.com<br><br>**[VIA CM/ECF]** | |

W:\Files\Militzok Adv. Kapila\Pleadings\DRAFTS\DRAFTS\PLEAD - Motion To Dismiss Complaint - 6-15-15 - File.Doc