UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**FORT LAUDERDALE DIVISION**

CASE NO: 15-CV-60764-LENARD/GOODMAN

SONEET KAPILA, as the Chapter 7
Trustee of the Geoffrey Edelsten
Bankruptcy Estate,

    Plaintiff,

v.

MATTHEW MILITZOK, an individual, and
MILITZOK & LEVY, P.A., a Florida
professional association,

    Defendants.

_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS II, IV, AND V OF PLAINTIFF'S COMPLAINT OR ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, MATTHEW MILITZOK and MILITZOK & LEVY, P.A., (collectively "MILITZOK"), by and through their undersigned counsel, hereby replies to the Memorandum in Opposition to Defendant's Motion to Dismiss Counts II, IV, and V of Plaintiff's Complaint or Alternative Motion for More Definite Statement and Incorporated Memorandum of Law [D.E. 16] filed by Plaintiff, SONEET KAPILA, as the Chapter 7 Trustee of the Geoffrey Edelsten Bankruptcy Estate, and state as follows:

### I.    Introduction

Plaintiff's Complaint [D.E. 1] asserts five (5) causes of action against MILITZOK:

    a.  Professional Negligence;

    b.  Breach of Contract;

  c. Breach of Fiduciary Duty;

  d. Constructive Fraud; and

  e. Violation of Florida's Deceptive and Unfair Trade Practices Act, §501.204, Fla. Stat. ("FDUTPA").

All five (5) causes of action asserted by Plaintiff are predicated upon the exact same alleged errors or omissions of MILITZOK. (Compare paragraphs 23, 27, 32, 37, and 44 of Plaintiff's Complaint, which are identical and assert that the exact same acts constitute five (5) different causes of action.) Counts II (Breach of Contract), IV (Constructive Fraud), and V (Violation of FDUTPA) fail to state claims upon which relief may be granted. Alternatively, these claims require more definite statements.

On June 16, 2015, MILITZOK filed Defendant's Motion to Dismiss Counts II, IV, and V of Plaintiff's Complaint or Alternative Motion for More Definite Statement and Incorporated Memorandum of Law [D.E. 13]. Plaintiff's memorandum in opposition [D.E. 16] to MILITZOK's Motion to Dismiss was filed on July 21, 2015.

## II. Plaintiff has failed to State a Claim for Breach of Contract

Count II of the Complaint alleges Breach of Contract. Paragraph 27 of the Complaint asserts as Breach of Contract the same nine (9) alleged errors or omission of MILITZOK that Plaintiff also claims are Professional Negligence, Breach of Fiduciary Duty, Constructive Fraud, and Violation of FDUTPA.

All of the parties concede that the elements for a breach of contract action under Florida law are (1) a valid contract, (2) a material breach, and (3) damages. Vozzcom, Inc. v. Beazley Ins. Co., Inc., 666 F. Supp. 2d 1321 (S.D. Fla. 2009). Plaintiff asserts that paragraph 26 of the

Complaint is sufficient to establish the existence of a contractual relationship.[1]  It is not. Paragraph 26 of the Complaint asserts only a legal conclusion, presumably based upon an unstated sequence of factual events.  A recitation of legal conclusions is insufficient to state a cause of action.  *See* Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

Moreover, nowhere does the Complaint allege the specific term or terms of the contract that MILITZOK is alleged to have breached.  Again, the Complaint merely asserts that MILITZOK breached an "understanding," but does not allege the sequence of events that gave rise to the "understanding."  This is insufficient to state the existence of a contract or the breach thereof.[2]  While the Complaint may provide a formulaic recitation of the elements of breach of contract, "a formulaic recitation of the elements of a cause of action will not do."  Berry v. Budget Rent A Car Systems, Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007)).

Plaintiff's Breach of Contract claim is insufficient to state a claim upon which relief may be granted and should be dismissed.  At the very least, Plaintiff must provide a more definite statement, describing with some degree of certainty the nature and existence of a contract that Plaintiff alleges MILITZOK to have breached.  It should be noted that the errors alleged in pleading Count II are not fatal to the claim.  The undersigned finds it amazing the lengths that some attorneys are willing to go to defend their pleadings when a simple amendment will cure

---

[1] Paragraph 26 of the Complaint opens with:

> The attorney-client relationship between Defendants and Plaintiff was created by a binding contract between the parties.

[2] There is a growing tendency in the legal profession to confuse the negligent performance of professional services with a failure to provide contractual services.  As a result, there is simply no need to maintain both causes of action.  If both causes of action are to be maintained, there must be some distinction between the two.  Unless a contract specifically says that a professional service will be performed to a certain standard of care, the failure to provide the service to a standard of care would be negligence, while the failure to provide the service at all would be breach of contract (assuming the contract specifically contemplated the provision of the service in question).  Stated another way, providing a service poorly is negligence, while not providing a contracted for service at all is breach of contract.

the defect alleged.  Plaintiff can resolve the pleading deficiency simply by alleging the facts and circumstances that give rise to the existence of the contract and the specific terms of the contract that Plaintiff alleges were breached.

### III. Plaintiff has failed to State a Claim for Constructive Fraud

Count IV of the Complaint alleges Constructive Fraud.  At paragraph 37 of the Complaint, Plaintiff alleges the same nine (9) errors or omissions that Plaintiff claims also constitute Professional Negligence, Breach of Contract, Breach of Fiduciary Duty, and Violation of FDUTPA.

Notably, Plaintiff does not allege that MILITZOK's actions induced reliance on the part of Plaintiff (or the debtor) or that MILITZOK gained an unfair advantage over Plaintiff (or the debtor).  Furthermore, as the claim for Constructive Fraud appears to be based upon an alleged misrepresentation stemming from a fiduciary relationship, the Constructive Fraud count is merely duplicative of the count alleging Breach of Fiduciary Duty.

While all parties agree that constructive fraud is deemed to exist where a duty under a confidential or fiduciary relationship has been abused or where an unconscionable advantage has been taken, Linville v. Ginn Real Estate Co., LLC, 697 F. Supp. 2d 1302 (M.D. Fla. 2010) (applying Florida law); Larson v. Correct Craft, Inc., 537 F. Supp. 2d 1264 (M.D. Fla. 2008), vacated and remanded on other grounds, 569 F.3d 1319 (Fed. Cir. 2009) (applying Florida law); Levy v. Levy, 862 So. 2d 48 (Fla. 3d DCA 2003), Plaintiff's memorandum fails to address the fact that Plaintiff did not allege inducement and reliance, which are necessary elements of a claim for fraud.

A constructive fraud will lie where one induces another to enter into a contract with him or her by the positive assertion of a fact or state of facts material to the transaction, which do not

4

really exist, and the other relies thereon and is misled to his or her injury.  Robson Link & Co. v. Leedy Wheeler & Co., 154 Fla. 596, 18 So. 2d 523 (1944).  In this case, Plaintiff has not alleged that MILITZOK induced anyone into a contract with him or that MILITZOK even induced anyone to take action that was detrimental to that person.  Plaintiff has not alleged that MILITZOK gained an unfair advantage over Plaintiff (or the debtor) through misrepresentation.  Plaintiff has simply failed to state sufficient facts that give rise to constructive fraud.

Plaintiff cannot maintain that he has pled constructive fraud well enough.  Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Omitting the facts by which MILITZOK is alleged to have induced reliance on the part of Plaintiff, or any person in whose stead Plaintiff asserts a right to maintain this action, mandates dismissal of the claim.  Again, this pleading deficiency is not necessarily fatal to the claim, where a simple amendment could cure the deficiency (unless the facts supporting inducement and reliance do not exist).

In addition, this same district court has concluded that breach of fiduciary duty claims are the equivalent of constructive fraud claims when they are based on misrepresentation or concealment.  Amoco Oil Co. v. Gomez, 125 F. Supp. 2d 492 (S.D. Fla. 2000) (applying Florida law).  Plaintiff's memorandum fails to distinguish *Amoco Oil* or otherwise assert its inapplicability to the case at bar.  Thus, Count IV, alleging Constructive Fraud, for the exact same nine (9) alleged errors or omissions of MILITZOK is completely duplicative of Count III, alleging Breach of Fiduciary Duty (which MILITZOK did not seek to have dismissed).  Such repetitive pleading is wholly unnecessary.

### IV.     Plaintiff has failed to State a Claim for Violation of FDUTPA

Plaintiff fails to state any claims against MILITZOK under FDUTPA.  FDUTPA was

enacted to protect "the consuming public" against "unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices . . . ." §501.202(2), Fla. Stat.  Again, as with each of the prior causes of action, Count V, at paragraph 44 of the Complaint, alleges the same nine (9) errors or omissions of MILITZOK that Plaintiff also claims constitute Professional Negligence, Breach of Contract, Breach of Fiduciary Duty, and Constructive Fraud.

Plaintiff has not properly pled a cause of action against MILITZOK in Count V of the Complaint for violation of FDUTPA.  In order to establish a cause of action for damages under FDUTPA, Plaintiff must sufficiently allege the following elements: (1) a deceptive act or unfair practice *in the course of trade or commerce*; (2) causation; and (3) actual damages.  *See* Sundance Apartments I, Inc., v. General Electric Capital Corporation, 581 F.Supp.2d 1215, 1220 (S.D. Fla. 2008); Shibata v. Lim, 133 F.Supp.2d 1311, 1317 (M.D. Fla. 2000); In re Horizon Organic Milk Plus DHA Omega-3 Marketing and Sales Practice Litigation, 955 F.Supp.2d 1311 (S.D. Fla. 2013).  It is clear on the face of the Complaint, that the Plaintiff has failed to make any allegations at all that MILITZOK committed a deceptive act, or that MILITZOK caused the Plaintiff any actual damages.

Plaintiff's memorandum inaccurately paraphrases the arguments presented in MILITZOK's Motion to Dismiss.  At no point has MILITZOK suggested that Plaintiff was not a "consumer" under FDUTPA.[3]  Instead, MILITZOK argues that the professional services MILITZOK is alleged in the Complaint to have provided were not offered through "trade or commerce" as required by FDUTPA.

In Kelly v. Nelson, Mullins, Riley & Scarborough, L.L.P., No. 8:01CV1176T27MAP,

---

[3] Technically, Plaintiff was never a consumer of any services provided by MILITZOK, but Plaintiff alleges a right to pursue claims held, but not heretofore pursued, by Geoffrey Edelsten, a debtor in bankruptcy for which Plaintiff acts as trustee.  MILITZOK does not take the position in the Motion to Dismiss that Mr. Edelsten was not a "consumer" of professional services.

2004 WL 4054841, at p.9, n.11 (M.D. Fla. Nov. 17, 2004), the plaintiff and his attorney invested in a business together. *Id*. at 1.  After this business failed, the plaintiff claimed that his attorney and his attorney's law firm *committed legal malpractice* and *breached a fiduciary duty* because they simultaneously represented both the plaintiff and the failed business.[4] *Id*.  The court granted summary judgment for the law firm on the FDUTPA count on the basis that the law firm's conduct did not "rise to the level of an unfair or deceptive trade practice as contemplated by §501.204(1)." *Id*. at 9.  Therefore, Plaintiff's attempt to distinguish this case from the case at bar must fail.  It is irrelevant that in *Nelson* the genesis of the relationship between the attorney and client was a failed business investment.  The claim was for legal malpractice and breach of fiduciary duty arising from an alleged conflict of interest, the same claims that Plaintiff alleges against MILITZOK herein.

In Kelly v. Palmer, Reifler & Assocs., P.A., 681 F. Supp. 2d 1356 (S.D. Fla. 2009), this district court held that the provision of legal services was not governed by FDUTPA:

> We will not hold under these facts that soliciting or offering a release in exchange for money is the equivalent of soliciting or offering a "thing of value" under FDUTPA. There is simply no connection or nexus to trade or commerce between these parties through the firm's demand letters. And absent that important nexus, the entire FDUTPA statutory scheme simply does not apply to these particular circumstances, even if a reasonable juror could find that the firm's conduct amounted to deceptive conduct. A contrary result would, indeed, expose a great deal of pre-litigation tactics by attorneys to potential exposure under the statute, which is a result not contemplated by the statute. Thus, even though a lawyer's status per se is not a bar to relief (because certainly some lawyers may engage in trade or commercial transactions while acting as lawyers), the particular conduct at issue here does not fall within the statute's umbrella." *Id*. at 1376.

The Plaintiff's memorandum, in discussing *Palmer*, obfuscates the issues presented and misleads the reader into believing that the court may have concluded that attorneys are always

---

[4] These are the exact same allegations Plaintiff makes against MILITZOK.  The Complaint alleges that MILITZOK breached a duty to disclose a conflict of interest inherent in representing Mr. Edelsten and Mr. Edelsten's business partners, Rafael, Limor and Isaac Keith Mawardi (the "Mawardis"), in the creation of a joint venture.

7

subject to the requirements of FDUTPA. Plaintiff suggests that the *Palmer* decision, based upon its analysis of Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380 (Fla. 2007), holds that attorneys are subject to FDUTPA, because the court in *Palmer* concluded that, had the Florida Supreme Court in *Echevarria* "read FDUTPA to exclude legal services, there would have been no need to decide whether the litigation privilege applied because the FDUTPA claim would have failed as a matter of law." *Palmer*, 681 F. Supp. 2d 1356 at 1371. Plaintiff's memorandum, however, omits the next two sentences of the *Palmer* opinion:

> We hold, therefore, that attorneys are not automatically exempt from the operation of the statute. That said, clearly the usual course of legal practice will not implicate the statute because express prerequisites required to invoke FDUTPA will not ordinarily be satisfied. *Id.*

The *Palmer* opinion then went on, as described above, to conclude that the legal services provided by the attorney for the client in that instance did not have a sufficient nexus to trade or commerce to fall within the ambit of FDUTPA. Like *Palmer*, the legal services provided by MILITZOK for Edelsten did not have a sufficient nexus to trade or commerce to fall within the ambit of FDUTPA.

Similarly to both *Nelson* and *Palmer*, this same district court, in Saxon Financial Group, Inc. v. Rath et al., No. 9:2011cv80646 (S.D. Fla. 2012), again recently held that allegations which "address the competency and strategy of" an attorney providing legal services are not governed by FDUTPA.[5] *Id.* at 13-14. Therefore, allegations of negligence in the performance of legal services would not be covered under FDUTPA.

As held by Florida's federal district courts, cited above, the allegedly negligent performance of legal services does not rise to the level of a FDUTPA violation. Plaintiff simply

---

[5] Instead, the court in *Saxon* allowed the plaintiff to proceed under FDUTPA only if plaintiff could allege a "*pattern* of *intentional* overcharging, which includes churning and padding." *Id.* at 14 (emphasis supplied). The claims that the *Saxon* court would permit under FDUTPA involve intentional torts, not the negligence involved in legal malpractice and breach of fiduciary duty claims.

does not allege acts that arise in trade or commerce or demonstrate a pattern of deceptive and intentional behavior.  FDUTPA does not regulate the personal legal services involved in this matter.  *See also*, State. Office of Atty Gen. v. Shapiro & Fishman, LLP, 59 So. 3d 353, 356 (Fla. 4th DCA 2011) (law firm's actions in prosecuting mortgage foreclosure on behalf of lenders, including its alleged presentation of false or misleading documents for use in such actions, did not constitute a "trade or commerce" and thus did not fall within the rubric of FDUTPA).

It is clear that the above allegations fail to state a cause of action against MILITZOK for violation of FDUTPA and, as such, the same must be dismissed.

### V.      Conclusion

Count II of the Complaint fails to state a claim upon which relief may be granted, because it fails to identify any contract at issue or the specific breach thereof.  Count II must be dismissed or Plaintiff must be required to provide a more definite statement.

Count IV of the Complaint fails to state a claim upon which relief may be granted, because it fails to allege that MILITZOK induced reliance on the part of Plaintiff (or the debtor) or that MILITZOK gained an unfair advantage over Plaintiff (or the debtor).  Count IV is also nothing more than a repeat of Count III, which alleges Breach of Fiduciary Duty.  Count IV must be dismissed.

Count V of the Complaint fails to state a claim upon which relief may be granted, because the negligent provision of legal services does not constitute trade or commerce under FDUTPA.  Count V of the Complaint must be dismissed.

**WHEREFORE,** Defendants, MATTHEW MILITZOK and MILITZOK & LEVY, P.A., respectfully request that this Honorable Court dismiss Counts II, IV, and V of Plaintiff's

Complaint, or alternative require a more definite statement, and for such other and further relief as this Court deems just and appropriate.

    Dated:  July 31, 2015
             Boca Raton, FL

Respectfully submitted,

**SHENDELL & POLLOCK, P.L.**
A*ttorneys for Defendants*
Fountain Square
2700 North Military Trail
Boca Raton, Florida 33431
Phone: (561) 241-2323
Fax:    (561) 241-2330
Email: gary@shendellpollock.com
       ken@shendellpollock.com
       mark@shendellpollock.com

By: _____
    Gary R. Shendell, Esq.
    Florida Bar No.: 964440
    Kenneth S. Pollock, Esq.
    Florida Bar No.: 069558
    Mark M. Heinish, Esq.
    Florida Bar No.: 987255

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, this 31st day of July, 2015. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____
Mark M. Heinish

**SERVICE LIST**

| | |
|---|---|
| Robert A. Stok, Esq.<br>Joshua R. Kon, Esq.<br>Attorneys for Plaintiff<br>Stok Folk & Kon<br>18851 NE 29 Avenue; Ste. 1005<br>Aventura, FL 33180<br>rstok@stoklaw.com<br>jkon@stoklaw.com<br><br>**[VIA CM/ECF]** | |

W:\Files\Militzok Adv. Kapila\Pleadings\DRAFTS\PLEAD - Response Re MTD.Doc